# In the District Court of the United States
# For The District of South Carolina
## BEAUFORT DIVISION

RECEIVED
SDC CLERK. CHARLESTON. SC

2006 APR -5  A 9 01

| | |
|---|---|
| Edward B. Bennett, #491741,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Al Cannon, Jr., Esq.; and  )<br>Dr. Reggie Tripplett,  )<br>  )<br>Defendants.  )<br>_____) | Civil Action No. 9:05-1644-GRA-GCK<br><br>**REPORT AND RECOMMENDATION**<br>**OF THE MAGISTRATE JUDGE** |

## I. INTRODUCTION

The Plaintiff, Edward B. Bennett ("Plaintiff"), is a federal detainee who was incarcerated at the Charleston County Detention Center ("CCDC") at the time of the alleged incidents giving rise to this action. Proceeding *pro se*, he seeks relief from the above-captioned Defendants, Al Cannon, Jr. ("Sheriff Cannon") and Dr. Reggie Tripplett ("Dr. Tripplett"), for alleged violations of Plaintiff's civil rights under 42 U.S.C. § 1983.[1]  Plaintiff seeks monetary damages.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

---

[1]   42 U.S.C. §1983 provides, in pertinent part:  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.



## II. THE *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).



*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean

Page 2 of 17

that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III. FACTUAL BACKGROUND

On or about May 1, 2005, Plaintiff was incarcerated in the CCDC, awaiting sentencing in federal court; in February 2006, Plaintiff was transferred to Jessup FCI in Jessup, Georgia. The gravamen of Plaintiff's comparing is that he was denied adequate medical care during his incarceration at CCDC. Plaintiff alleges that he has high blood pressure and cholesterol problems, and a history of pulmonary embolism and cerebral thrombosis as an "inmate in SCDC and again in Feb-March 2002"[.] Plaintiff claims he was not provided a "cardiac meal plan" in June of 2005, despite his medical history, and had trouble receiving his blood pressure medication.[2] The Plaintiff subsequently alleged in another pleading that he had suffered a stroke on August 6, 2005, and was refused medical attention by CCDC personnel for several days, which resulted in weakness to his left arm, hand, leg and also blurred vision. [26-1] He also claimed that his grievances regarding these matters were not answered.



## IV. PROCEDURAL HISTORY IN FEDERAL COURT

### A. The Complaint

The Plaintiff and two other CCDC inmates commenced this action on June 3, 2005. [1-1] The Court issued an Order requesting that the case to be brought into proper form and that each

---

[2] See Complaint [1-1] and p. 2 attached thereto. In another pleading, Plaintiff informed the court that he began receiving 81 mg. of aspirin in October 2005 and was placed on a cardiac diet on December 16, 2005. See Plaintiff's Motion to Join Parties [24-1] at p. 2.

Page 3 of 17

Plaintiff set forth their allegations on separate forms.[3] Plaintiff filed his amended complaint on July 7, 2005, alleging deliberate indifference to his serious medical needs, negligent medical care, and abuse of authority. [4-1] Thereafter, an Order was issued on September 8, 2005 instructing the Clerk of Court to issue the summons and copies of the complaint to the Defendants for service of process by the United States Marshals.[4] [7-1]

### B. Sheriff Cannon's Answer

On October 5, 2005, Sheriff Cannon answered, denying Plaintiff's allegations and asserting affirmative defenses of Eleventh Amendment Immunity, Qualified Immunity, failure to state a claim under Rule 12, F.R.C.P., that no constitutional violation occurred; that if anyone were liable to Plaintiff, the third party independent contractor/codefendant would be liable, that there was no deliberate indifference in treating Plaintiff, that Plaintiff's injuries or damages were due to that natural disease process, that the Complaint is in violation of the Prison Litigation Reform Act, as Plaintiff "has exceeded the maximum number of allowable suits and no exception should allow him to proceed," and with respect to any state law claim, Sheriff Cannon was entitled to sovereign immunity under the South Carolina Tort Claims Act. [10-1] The court notes that Sheriff Cannon did not argue that Plaintiff had failed to exhaust his administrative remedies prior to filing suit.

---

[3] Bennett has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988), with respect to the "delivery" date of June 3, 2005. [3-1]

[4] The case initially was assigned to the Honorable Robert Carr, United States Magistrate Judge for the District of South Carolina, and was re-assigned to the undersigned on February 21, 2006. [46-1]

### C. Dr. Tripplett's Answer

On December 23, 2005, Dr. Tripplett answered with a general denial of Plaintiff's allegations and raising, as an affirmative defense, Plaintiff's failure to exhaust administrative remedies at the CCDC.[5] Dr. Tripplett also answered that Plaintiff had failed to state a claim under Rule 12, F.R.C.P., that the Complaint is in violation of the Prison Litigation Reform Act,



---

[5] Plaintiff also argued that the instant case was barred by the doctrines of *res judicata* and *collateral estoppel* because Plaintiff had litigated the same claims against the same parties in *Edward B. Bennett v. Al Cannon, Jr., Esq. and Reggie Tripplett, M.D.*, (Civil Action No. 2:04-22097-13-AJ), which Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. On September 19, 2005, the Fourth Circuit issued a judgment and order affirming the district court's decision in favor of the Defendants (Docket No. 05-6841). [20-1] Under South Carolina law, *res judicata* requires three elements be met: first, a final, valid judgment on the merits; second, an identity of parties; and third, the second action must involve matters properly included in the first suit. *Latimer v. Farmer*, 360 S.C. 375, 602 S.E.2d 32 (2004). From a review of the record it is clear that the requirements of a final, valid judgment on the merits and an identity of the parties are satisfied here. The prior action was dismissed for lack of prosecution, and that decision was affirmed by the Fourth Circuit. As the Fourth Circuit held in *Jenkins v. Columbia First Federal Sav. And Loan Ass'n*, 900 F.2d 252 (4th Cir. 1990) (Table); 1990 WL 34198 (4th Cir.(Md.)), 16 Fed.R.Serv.3d 325 (per curiam), if an action is dismissed for want of prosecution, it is a "final judgment on the merits." *Jenkins*, citing Fed.R.Civ.P. 41(b) and *Kimmel v. Texas Commerce Bank*, 817 F.2d 39, 40 (7th Cir.1987). Certainly, too, there is an identity of the parties. The only question to be resolved is whether the present action involved matters that ought to have been included in the first suit. This court has reviewed the complaint in the latter case and compared it to the complaint in the present case and is of the opinion that while almost all of the allegations set forth in the present action also were presented in the earlier action (and, indeed, using identical wording), Plaintiff has presented new allegations that his medical needs are not being met because he was not immediately provided a cardiac meal plan. Accordingly, this court concludes that this action is not barred by the doctrine of *res judicata*. Likewise, it appears that the action is not barred by the doctrine of collateral estoppel. "[T]o assert collateral estoppel successfully, the party seeking issue preclusion . . . must show the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment." *Beall v. Doe*, 281 S.C. 363, 371, 315 S.E.2d 186, 191 (Ct.App.1984); *see also Restatement* (Second) of Judgments § 29 cmt. a (1982) ("[P]reclusion may be imposed only if ... the issue was the same as that involved in the present action and was actually litigated and essential to a prior judgment that is valid and final.").

that Dr. Tripplett's care and treatment of Plaintiff was in full compliance with the standard of care; no constitutional violation occurred; Dr. Tripplett was entitled to qualified immunity as he was acting within an official discretionary capacity; and that any of Plaintiff's alleged injuries were due to by the Plaintiff's natural disease process. [20-1]

Plaintiff filed a motion for discovery on January 9, 2006. [23-1]. The following week, on January 17, 2006, he filed a motion to amend the complaint, a motion for a protective order and a motion to produce. [24-1; 25-1; 26-1] On January 30, 2006, Plaintiff filed another motion for discovery and a motion for injunctive relief. [27-1; 28-1] On February 1, 2006, Plaintiff filed a motion seeking judgment, and for injunctive relief and his release. [29-1] On February 6, 2006, Plaintiff filed a motion for hearing on the pleadings. [38-1]

On February 6, 2006, Dr. Tripplett filed a Motion for Summary Judgment and Memorandum in Support thereof. [37-1] On February 8, 2006, Sheriff Cannon filed a Motion for Summary Judgment, supported by a Memorandum and the affidavit of Officer Dempsey. [41-1] Accordingly, an Order was issued on February 10, 2005, under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the Motions for Summary Judgment within thirty-four (34) days. [42-1]



On February 15, 2006, Plaintiff filed a "Notice to Deny filing of Dispossition [sic] on the part of Sheriff Cannon" and also requested mediation of the case.[6] [44-1] Also on the same date, Plaintiff filed a Response in opposition to Sheriff Cannon's motion for summary judgment. [45-1] On February 23, 2006, the Plaintiff filed a Notice of Change of Address, a Motion to

---

[6] The court is unclear as to the meaning of Plaintiff's Motion, but it appears from the text of the Motion that Plaintiff is opposed to Sheriff Cannon's dispositive motion.

Amend the Complaint, and motion for an extension of time. [48-1; 49-1; 50-1] An order was issued by the Court denying the motion to amend and mooting the motion for an extension of time. [51-1]. On March 15, 2006, the Plaintiff filed his response to Dr. Tripplett's motion for summary judgment, which also appeared to amend his complaint to add new parties and new causes of action. [53-1]

As the issues have been joined, this case is ripe for review by the undersigned.

## V. DISCUSSION

### A. Defendants' Motions for Summary Judgment

#### 1. Summary Judgment Standard

The determination of Defendants' Motions for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 323; Fed. R. Civ. P. 56(c).

Summary judgment is proper if, viewed in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985).



The non-moving party is entitled to the most favorable inferences that reasonably may be drawn from the forecast evidence. *Ross*, 759 F.3d at 364. Put another way, all justifiable inferences must be drawn in favor of the non-moving party. *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990); *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is important

to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. *Felty v. Graves-Humphreys Co.*, 818 F. 2d 1126 (4th Cir. 1987). Genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d 167 (4th Cir. 1988).

Therefore, when evaluating the appropriateness of summary judgment, this Court must construe the facts are set forth in the light most favorable to Plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Accordingly, this Court must enquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail asa matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## 2. Exhaustion of Administrative Remedies



The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). It appears to the undersigned that the Plaintiff has failed to exhaust his administrative remedies. In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

There is no documentary evidence in the record that the plaintiff has followed the grievance procedure available to prisoners in South Carolina as set forth in *Al-Shabazz v. State of South Carolina*, 338 S.C. 354, 527 S.E.2d 742 (S.C. 2000), including an appeal of the CCDC's determination to the South Carolina Administrative Law Division. Consequently, Plaintiff has failed to establish he has exhausted his administrative remedies pursuant to Section 1997e(a). Failure to exhaust administrative remedies should warrant dismissal of the Plaintiff's complaint.

Notwithstanding the forgoing, however, the undersigned also will address the merits of Plaintiff's allegations against Dr. Tripplett and Sheriff Cannon.

### 2. Plaintiff's Claims Against Dr. Tripplett

To state a viable Section 1983 claim with regard to medical care while incarcerated, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, it is well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105. However, this "does not mean . . . that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.*



To prove a claim of deliberate indifference, a plaintiff must show that a defendant's "action or inaction (1) result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and (2) a 'sufficiently culpable state of mind.'" *Winfield v. Bass*, 106 F.3d 525, 531 (4th Cir. 1997) (*quoting Farmer v. Brennan*, 511 U.S. 825, 831-34 & n. 2 (1994)). Thus, an officer is deliberately indifferent to a substantial risk of harm when that officer "knows of and disregards" the risk. *Farmer*, 511 U.S. at 837. In order to be liable under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id..* The mere fact that a prisoner may

Page 9 of 17

believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Courts have recognized that prisoners do not have "unqualified access to health care" and that "the objective component of an Eighth Amendment claim based on a deprivation of medical attention is satisfied only if the medical need of the prisoner is serious". *Shakka v. Smith*, 71 F.3d 162 (4th Cir. 1995). Ultimately, "[d]eliberate indifference is a very high standard--a showing of mere negligence will not meet it." *See Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Moreover, mere allegations of malpractice do not state a claim for deliberate indifference. *See, e.g., Estelle*, 429 U.S. at 106 ("Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Here, Plaintiff's Complaint, even liberally construed, fails to state a cognizable Section 1983 cause of action because Plaintiff failed to allege any acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. First, Plaintiff has failed to produce any evidence (apart from those allegations contained in his pleadings) that he had a serious medical need. Second, Plaintiff is unable to demonstrate any "deliberate indifference" to his health care needs. Plaintiff saw Dr. Tripplett on several occasions; he also was put on a cardiac meal plan, and prescribed aspirin and other medications. Although Plaintiff may disagree with Dr. Tripplett's treatment of him, Dr. Tripplett's actions simply do not state a claim for deliberate indifference. *See, e.g., Estelle*, 429 U.S. at 293



### 3. Plaintiff's Claims Against Sheriff Cannon

Sheriff Cannon is an elected Sheriff, pursuant to Article V, § 24, of the South Carolina Constitution. Pursuant to S.C. Code Ann. § 24-5-10, entitled "Sheriff as Custodian of Jail,"

"[t]he Sheriff shall have custody of the jail in his county[.]" The South Carolina Supreme Court has held that County Detention Centers are jails within the meaning of S.C. Code Ann. § 24-5-10. *See Roton v. Sparks*, 270 S.C. 637, 244 S.E.2d 214 (1978).

However, Sheriff Cannon is not amenable to suit under Section 1983. The Eleventh Amendment bars any Section 1983 damages claim in federal court against Sheriff Cannon in his official capacity as a deputy sheriff. *See* U.S. Const. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Immunity under the Eleventh Amendment extends to arms of the State, including State agencies and State officials acting in their official capacities. *Cromer v. Brown*, 88 F. 3d 1315, 1324 (4th Cir. 1996). South Carolina Sheriffs are State officials and not County officials for purposes of the Eleventh Amendment. *Id.; see also Gulledge v. Smart*, 878 F. 2d 379 (4th Cir. 1989); *McCall v. Williams*, 52 F.Supp.2d 611, 616 (D.S.C. 1999); *Carroll v. Greenville County Sheriff's Dep't.*, 871 F.Supp. 844, 846 (D.S.C.1994). Accordingly, Sheriff Cannon, as a State official, is immune from suit under the Eleventh Amendment to the United States Constitution.



Furthermore, assuming that Sheriff Cannon is being sued in his official capacity, then the suit actually intended as one against the State of South Carolina, as the real party in interest. The State, however, also is entitled to immunity from suit pursuant to the Eleventh Amendment, which bars suits in federal court for monetary damages against a State which does not consent to suit. Accordingly, Sheriff Cannon is immune from suit.

Even if the court were to presume that Plaintiff intended to sue Sheriff Cannon in his individual capacity, Plaintiff's claims would fail. When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit. Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. *Gomez v. Toldeo*, 446 U.S. 635, 640- 41 (1980);

*Tanner v. Hardy*, 764 F.2d 1024, 1027 (4th Cir.1985). Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment. *Siegert v. Gilley*, 500 U.S. 226, 331 (1991).

The Supreme Court in *Harlow* established the standard which the court is to follow in determining whether defendant is protected by this immunity: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. As discussed above, the Plaintiff fails to shows that Sheriff Cannon (or, for that matter, Dr. Tripplett) violated any of his clearly established constitutional or statutory rights. Therefore, these defendants are entitled to qualified immunity in their individual capacities.



To the extent that Plaintiff is attempting to allege that Sheriff Cannon is somehow responsible for the actions of Dr. Tripplet, this claim must fail. First, there is no evidence in the record to support a theory that Dr. Tripplett was acting as an agent of Sheriff Cannon. Moreover, Plaintiff has failed to sufficiently allege supervisory liability under Section 1983. However, even if supervisory liability had been sufficiently alleged, the undisputed facts do not support such a finding. The Fourth Circuit has articulated three elements necessary to establish supervisory liability under Section 1983: (1) knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that

Page 12 of 17

there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994), *cert. denied*, 513 U.S. 813, 814(1994). There is no evidence in the record to support any of those three elements.

In the present case, Plaintiff alleges that he needs a cardiac meal plan and that the Defendants' failure to provide him with such meals constitutes cruel and unusual punishment. As noted above, Plaintiff admits that he began to receive these special meals in December, 2005. To the extent that Plaintiff suffered any injury due to consuming regular CCDC meals before he received the cardiac meal plan, there is no evidence of harm. Indeed, the court's review of the file indicates that the only support for Plaintiff's claim of serious injury as a result of failing to receive a cardiac meal plan is contained in his own affidavits and pleadings. It is well established that a court does not abuse its discretion by striking portions of a party's affidavit consisting of conclusory statements or self-serving opinions without objective corroboration. *See Evans v. Technologies Application & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Here, Plaintiff cannot defeat Defendants' Motions for Summary Judgment by simply alleging in his affidavit that he suffers from numbness in his body and double vision as a result of his inadequate treatment. *See, e.g., Fuller v. County of Charleston*, 2006 WL 533381 (D.S.C. March 3, 2006) (Duffy, J.), *citing Larken v. Perkins*, 22 Fed. Appx. 114, *1 (4th Cir. October 29, 2001) (noting that the district court properly found a party's "own, self-serving affidavit[s] containing conclusory assertions and unsubstantiated speculation" insufficient to stave off summary judgment.); *National Enterprises, Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000) ("Marvin J. Barnes' self-serving affidavit describing the content of the repurchase agreements is not enough to defeat National's motion for summary judgment."); *Ross v. Communications Satellite Corp.*,

759 F.2d 355, 365 (4th Cir.1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56.").

Of course, it is a well-established principle that, after a defendant makes a motion for summary judgment, the plaintiff bears the burden of making a showing sufficient to establish the existence of every element essential to his case. Thus, the Defendants are under no obligation to present evidence disproving any elements of Plaintiff's claim. Indeed, Plaintiff must come forward with an affirmative showing more significant than conclusory and self-serving allegations in order to survive the Defendants' motions for summary judgment. *Fuller*, 2006 WL at *5, *citing White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir. 1976) (conclusory allegations insufficient to avoid summary judgment). As the evidence of record shows that there is no genuine issue as to any material fact, it is recommended that summary judgment be entered for the Defendants. *See* Fed. R. Civ. P. 56(c).

## RECOMMENDATION



This court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Complaint likewise could be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii), and the court recommends that Plaintiff's Complaint [1-1] should be deemed one strike pursuant to 28 U.S.C. § 1915. Accordingly, it is recommended as follows:

Plaintiff's Motion for subpoenas [11-1] is denied;

Plaintiff's Motion to Compel [17-1] is denied;

Plaintiff's Motion for Discovery [23-1] is denied;

Plaintiff's Motion to Amend/Correct his Complaint [24-1] is denied;

Plaintiff's Motion for Protective Order [25-1] is denied;

Plaintiff's Motion to Produce [26-1] is denied;

Plaintiff's motion for Discovery [27-1] is denied;

Plaintiff's Motion for Injunction [28-1] is denied;

Plaintiff's Motion for Judgment on the Pleadings [29-1] is denied;

Plaintiff's Motion for a Hearing [38-1] is denied; and

Plaintiff's motion to deny filing of dispossition [sic] [44-1] is denied.

It is further recommended that

Defendant Dr. Tripplett's Motion for Summary Judgment [37-1] should be granted, and

Defendant Sheriff Cannon's Motion for Summary Judgment [41-1] should be granted.

George C. Kosko
United States Magistrate Judge

April 4, 2006

Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. *Advance Coating Technology, Inc. v. LEP Chemical, Ltd.*, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976); *and Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992); *and Oliverson v. West Valley City*, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); *and Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also*

*Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir. 1985) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In *Howard, supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See Wright v. Collins, supra; and Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
